UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FEI WANG,

        Petitioner,

v.                                                     Case No. 17-C-1521

JEFFERSON BEAUREGARD SESSIONS, III, *et al.*,

        Respondents.

## DECISION AND ORDER DENYING PETITION

Petitioner Fei Wang, a citizen of China currently detained at the Dodge Detention Facility pursuant to a final order of removal for deportation, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Wang has been detained since November 16, 2016, when Immigration and Customs Enforcement (ICE) took custody of him pursuant to the final order of removal while he was serving a 60-day jail sentence for the unlawful possession of cannabis with intent to deliver. Currently, he has pending before the Board of Immigration Appeals (BIA) a motion to reopen his application for political asylum and withholding of removal. This court screened his petition on November 14, 2017, and ordered the Respondents to file an answer. ECF No. 4. The Respondents filed a return and memorandum of law in opposition to the petition, and Wang has not filed a reply. ECF No. 9. Accordingly, the court will proceed to consider the merits of the petition, which will be denied for the reasons set forth below.

## BACKGROUND

Wang entered the United States without inspection on approximately March 15, 2002. ECF No. 1 ¶ 10; ECF No. 9 at 2. Immigration officers identified Wang during a routine transportation

check in 2005, and he was subsequently served with a Notice to Appear charging him with removability as an alien present in the United States without admission or inspection. Decl. of Deportation Officer Landmeier, ECF No. 9-1 ¶ 6. In response, Wang applied in 2007 for political asylum, withholding of removal, and protection under the Convention Against Torture. ECF No. 1 ¶ 11. An immigration judge denied those applications in June 2007. *Id.* ¶ 12. Wang appealed to the BIA, which dismissed his appeal in June 2008 and granted him leave to voluntarily depart the United States no later than August 24, 2008. *Id.* ¶ 13; ECF No. 9-1 ¶ 8. In July 2008, however, Wang filed a petition for review in the United States Court of Appeals for the Ninth Circuit, as well as motion for a stay of removal while his petition for review was pending. ECF No. 9-1 ¶ 9. Although the Ninth Circuit granted his motion for a stay in November 2008, it denied in part and dismissed in part his petition for review in November 2011, at which time his case became administratively final. *Id.* ¶ 10. Wang, however, did not depart the United States at that time. *Id.*

Alleging changed circumstances in China and citing the birth of his second child in the United States, Wang filed a motion to reopen with the BIA in April 2012. ECF No. 1 ¶ 14; ECF No. 9-1 ¶ 11. After the BIA denied that motion in October 2012, Wang filed a petition for review in the Ninth Circuit, which remanded the matter to the BIA for further consideration in August 2013. ECF No. 1 ¶¶ 14–15; ECF No. 9-1 ¶¶ 13–14. The BIA again denied the motion to reopen in January 2014, and in February 2014 Wang filed another petition for review in the Ninth Circuit. ECF No. 9-1 ¶¶ 15–16.

While Wang's February 2014 petition for review with the Ninth Circuit was pending, he was convicted in Illinois on October 20, 2016, of unlawful possession of cannabis with intent to deliver and sentenced to sixty days confinement in the Bureau County Jail. ECF No. 1 ¶ 16; ECF No. 9-1

2

¶ 17. Thereafter, he was transferred to ICE custody on November 16, 2016, because he was subject to a final removal order. ECF No. 1 ¶ 17; ECF No. 9-1 ¶ 18. He has remained in ICE custody since that date, and he is currently detained at the Dodge Detention Facility. ECF No. 1 ¶¶ 5, 17.

Wang applied for, and the Ninth Circuit granted, another motion for stay of removal while his February 2014 petition for review was pending before that court. ECF No. 9-1 ¶¶ 19, 23. The Ninth Circuit granted his petition for review in part on July 14, 2017, and remanded for the BIA to conduct a more thorough review of documents submitted in support of his claim. *Id.* ¶ 26. After receiving the Ninth Circuit's decision, Wang filed a motion for a bond hearing, and on September 6, 2017, an immigration judge determined that the immigration court lacked jurisdiction to set bond because Wang was subject to a final order of removal. ECF No. 1 ¶ 18; ECF No. 9-1 ¶ 27. Currently, his motion to reopen remains pending before the BIA on remand from the Ninth Circuit, and he has not filed a motion for a stay of removal with the BIA. ECF No. 9-1 ¶ 30. The Department of Homeland Security filed a motion on November 29, 2017, asking the BIA to expedite adjudication of Wang's remanded motion to reopen. *Id.* ¶ 29.

In a declaration supporting the Respondents' memorandum of law opposing Wang's petition for a writ of habeas corpus, Deportation Officer Michael Landmeier avers that at an unspecified time he began the process of requesting travel documents for Wang from the Consulate General of China in Chicago because Wang was subject to a final deportation order. *Id.* ¶ 20. He further states that ICE is currently finalizing travel arrangements for Wang and that his "removal to China is imminent." *Id.* ¶ 33.

## ANALYSIS

The Immigration and Nationality Act (INA) provides a ninety day period during which the Attorney General must accomplish the removal of an alien subject to a final order of removal. 8 U.S.C. § 1231(a)(1)(A)–(B). During this "removal period," the INA mandates that the alien subject to removal be detained. *Id.* § 1231(a)(2). Although an alien subject to removal may be released subject to supervision if he is not removed during the 90-day removal period, the INA also grants the Attorney General discretion to extend the detention beyond the removal period for certain criminal aliens, inadmissible aliens, and removable aliens otherwise determined "to be a risk to the community or unlikely to comply with the order of removal." *Id.* § 1231(a)(3), (6).

The Supreme Court held in *Zadvydas v. Davis*, however, that the Fifth Amendment's Due Process Clause does not permit indefinite detention of removable aliens under the INA. 533 U.S. 678, 689–92. Specifically, the *Zadvydas* Court determined that a detention that extends beyond six months is presumptively unreasonable. *Id.* at 701. Wang relies heavily on *Zadvydas* to argue that his detention in ICE custody since November 16, 2016, is unconstitutional. His argument situates pre-removal detention in the context of civil detention generally, noting that the Supreme Court has limited civil detention to "certain special and 'narrow' nonpunitive 'circumstances,' where a special justification, such as harm-threatening mental illness, outweighs the 'individual's constitutionally protected interest in avoiding physical restraint.'" *Id.* at 690 (citation omitted) (first quoting *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992); then quoting *Kansas v. Hendricks*, 521 U.S. 346, 356 (1997)). In particular, Wang emphasizes the language in *Zadvydas* suggesting that whether continued detention remains constitutionally reasonable depends on the extent to which it advances the twin

regulatory goals of preventing danger to the community and ensuring that removable aliens appear at future immigration proceedings. *Id.* at 690.

But the *Zadvydas* Court made clear that the "6-month presumption . . . does not mean that every alien not removed must be released after six months." *Id.* at 701. Rather, "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* The Court also delineated the burden of proof for an alien who seeks to argue that his detention for longer than six months is constitutionally unreasonable: "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* Thus, the alien detainee has the initial burden of showing that removal is not likely to occur in the reasonably foreseeable future.

Wang falls short of satisfying his burden here. Aside from his petition itself, he has provided no evidence to suggest that his removal is not likely to occur in the reasonably foreseeable future. Instead, his argument turns on conclusory statements that "there is no likelihood of removal and there is no indication that [Wang] is in any way a danger to the community." ECF No. 1 ¶ 33. By contrast, the respondents have submitted a sworn statement indicating that a deportation officer has requested travel documents to effect Wang's return to China and that ICE is making travel arrangements for him to do so. ECF No. 9-1 ¶¶ 20, 33. These efforts by ICE to prepare for Wang's removal to China suggest that a quick departure would be the natural consequence of the conclusion of his pending appeal, in the event that the BIA ultimately concludes that removal remains appropriate. This argument from the absence of evidence—particularly when considered in

5

conjunction with the Respondents' showing—does not provide the court with good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.

## CONCLUSION

For the reasons set forth above, the court concludes that Wang has not satisfied his obligation to show that his removal is not likely in the reasonably foreseeable future. Consequently, his petition for a writ of habeas corpus will be **DENIED**.

**SO ORDERED** this 5th day of January, 2018.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
